Wardi.aw J.
delivered the opinion of the Court.
The sheriff, in all sales made by him, is the agent of the parties interested. Where his agency is created by law, as in sales under execution, no implied warranty attaches to his sale. Where he is made agent by the choice of his principal, and his authority is derived from the act of the principal, and not from the law itself, (as in ordinary cases of the sale of personalty under a mortgage,) his contracts, like those of another agent, are the contracts of his principal, and to his sale of goods, the implication of warranty binding on the principal, may attach, il not rebutted by attending circumstances. A sale made by a sheriff, as a mere agent of a mortgagee, could however transfer only the title of the mortgagee: and where there are a mortgage and many executions, all covering the same goods, if a sale by the sheriff be expected to confer a title good against all the liens, that result can be attained only by making his sale a sheriffs sale strictly:—that is, a sale by operation of law, under which the proceeds may be applied according to priority of liens, and to which for reasons of expediency no implication of wai--ranty attaches.
Ii a sheriffs sale be made under legal process, the extension oí credit to the purchaser, by consent of all parties, cannot of itself have the effect to divest the sale of its charac ter as a sheriff’s sale, so as to subject the persons who may receive the proceeds, or any of them, to liabilit y for an implied warranty, as if they had themselves sold. The parties, plaintiff and defendant, in an execution, may dispense with the sheriffs advertisement, as decided in Davis v. Murray, (2 Mills C. R. 143): and the same parties may authorize the substitution of other terms for cash, in a sale under execution. Our statutes, (Sheriff’s Act of 1839, sec. 58,) require such sale to be for cash, and in default of plain instructions to the contrary, the sheriff would be liable for neglect of this requisition, as he would be for neglect of the di-
*20 rections which the same statutes give concerning advertising. But volunti nonfit injuria, where the plaintiff and defendant both direct a sale to be made for promissory notes or bank bills, or other specified commodity, neither of them can complain that the sheriff has obeyed his directions; and the purchaser who bids with knowledge of the directions, assents to the terms proposed, and is strangely careless of his interests, if he expects a warranty contrary to the well known conditions of sheriff’s sales, and for it, chooses to rely upon an implication which he supposes the law will raise, instead of asking for an express stipulation. Very clear proof of a sufficient agreement to dispense with the provisions of the law, should be required to exempt the sheriff from liability; and when the debtor and some creditors may have agreed to extend credit, the agreement may be binding on them, whilst other creditors who have not assented, may have aright to consider the sale as if made for cash, and to be assured that no injury to their interests has resulted from the change in the terms of sale. But the extension of credit by agreement is not unfrequent, and sometimes may be highly beneficial to all persons concerned; and where there are various creditors with liens of different kinds and different dates, the inconvenience and injustice of subjecting all, or some of them, to an implication of warranty for such extension of credit, would be so great, that even if the sale could not be considered strictly a sheriff’s sale, it might well be held that the circumstances afforded proof of a refusal to warrant.
In the case before us, the plaintiff seems not to have considered himself, or to have represented himself as having any authority besides that derived from the execution of Brockman v. Kilgore, and other executions of junior date against Woods. Kilgore took notes from the purchasers—but even if (as is represented here) he was sole owner of the execution of Brockman v. Kil-gore, this consent amounted to no more than if he had written an acknowledgement that he had received from the sheriff the sums bid, and then had, under his agreement, taken either from the sheriff or from the purchasers, notes for those sums. Kilgore and Woods stopped the sale—but by acquiescence of the sheriff *21 either of them might have done the same, if there had been no mortgage.
Woods, it is said, deceived the purchaser by his wilful misrepresentations:—if so, Woods is liable to the purchaser in an action of deceit, according to the principles recognised in the cases of Minter & Dent, (5—498 Mss. Columbia, May 1832.) and Towles v. Turner, (3—178 Hill.) There is no evidence that Kilgore aided in the deceit or connived at it. If he did he too is liable to the purchaser, who may have redress either by action of deceit, or by means of a defence against the note sued on in this case under a discount alleging the deceit. But if he did not, he is like another creditor, who has received the proceeds of a sheriff’s sale where the price has been enhanced by the fraud of the debtor—not answerable for the fraud, for he was no party to it—not liable upon an implied warranty, because the sale was subject to the rule caveat emptor; and not barred of his action on the note, in that he has got something for nothing, and therefore the consideration has failed, because he has received the note as payment pro tanto of his debt against Woods.
If Woods be. as is said here, solvent, and has committed the fraud imputed to him, then from him the purchaser may obtain indemnity; to him, Kilgore should not be compelled to resort’ for that was not Kilgore’s contract, and the same rule which would have driven Kilgore to a solvent debtor, would in another case, drive a like creditor to an insolvent one. It seems to the Court, therefore, that the unsoundness of the negro, constituted under the circumstances which are mentioned in the report of this case, no defence against Kilgore’s action on the note of the purchaser.
A new trial is therefore ordered.
Richardson J., O’Neall J., Evans J., and Butler, J., concurred.